*Robertson & Castle* for defendant.

---

OAHU RAILWAY AND LAND COMPANY *v.* CHARLES T. WILDER, TAX ASSESSOR FOR THE FIRST TAXATION DIVISION OF THE TERRITORY OF HAWAII.

No. 1425.

SUBMISSION UPON AGREED FACTS.

SUBMITTED JUNE 6, 1923.                    DECIDED AUGUST 13, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

INCOME TAX—"*expenses.*"

> Only taxes actually within the taxation period are deductible as "expenses" from the gross receipts received during such period. A "reserve" from net income derived during the taxation period for the payment of Federal income taxes payable during the succeeding year is not deductible.

SAME—"*gross receipts.*"

> Where a reserve from net income is made for the payment of Federal income taxes payable during the succeeding year and such taxes are paid during the succeeding year, while from a bookkeeping standpoint it may be proper to include such reservation as a part of the gross receipts of such succeeding year, such reserve is not a part of the gross receipts of that year for income tax purposes.

OPINION OF THE COURT BY PETERS, C. J.

This is an original submission upon an agreed state-

ment of facts of a question in difference between the tax assessor of the first taxation division and the Oahu Railway and Land Company as to the income tax payable to the Territory by the latter on January 1, 1922.

The dispute arose from the disallowance by the tax assessor of a deduction claimed in the 1922 return of the taxpayer of a reserve for the estimated amount of the Federal income taxes payable in 1922 on 1921 income. This the taxpayer conceded provided it were permitted to withdraw from its return of gross income of 1921 the amount it had previously reserved at the close of the year 1920 for the estimated Federal income tax payable in 1921 on 1920 income and allowed as a deduction in its 1921 return.

The printed form of return furnished by the treasurer of the Territory to corporations upon which to make income tax returns on January the 1st, 1922, and which was used by the taxpayer apparently contemplated a return which should include as one of the deductions allowed by law the estimated amount of Federal income tax payable in 1922 on 1921 income and that there should be included under gross income of the year 1921 the amount reserved at the close of the year 1920 for the payment in 1921 of Federal income taxes on 1920 income and deducted in the 1921 return. Section 1309, R. L. 1915, as amended, requires corporations to make a "full return" among other matters of "gross receipts" and "expenses." The form of return so furnished contains in "Schedule 'A' Gross Income" as one of the items of "gross receipts" upon which a return is required the heading "Amount deducted from 1921 return to cover Federal tax payable in 1921" and in "Schedule 'B'—Deductions and Exemptions" as one of the items of "expenses" for like purpose, the heading "Federal tax reserve (payable in 1922)." The taxpayer conformed thereto and as a part of "Gross

Income" under the heading "Amount deducted from 1921 return to cover tax payable in 1921" included the sum of $325,000 reserved by it in 1920 for Federal taxes payable in 1921 and as a "deduction" under the heading "Federal tax reserved (payable in 1922)" included its estimate of $150,000 for Federal income taxes payable in 1922 on 1921 income. This was apparently consistent with the generally accepted method of accounting, to charge against the gross annual income at the end of the year not only taxes actually paid during the calendar year but also a reserve for taxes payable in the succeeding year on the preceding year's income, reconciliation or adjustment of which was obtained in the succeeding year by crediting "Income" with the amount of the previous year's reserve.

This method of inclusion under "Gross Income" of the reserve for taxes the previous year and the deduction of the estimated amount of taxes payable during the succeeding year apparently had been in vogue since the year 1920, prior to which time it was the practice, recognized and accepted by the tax assessor and in accord with the printed form of returns furnished by the treasurer, for corporations in their territorial income tax return to include among the deductions only the taxes actually paid during said preceding year and not to include among the deductions any reserve made during said preceding year for taxes payable in the return year nor to include in gross income any reserve made in any preceding year for taxes payable in any subsequent year. The tax assessor, sometime after the blanks for 1922 return were furnished but at what time the statement of facts does not disclose, determined to revert to the method in vogue prior to 1920. This was learned, however, by the taxpayer only after it had filed its 1922 return.

The disallowance by the tax assessor of the deduction of the reserve made at the close of the year 1921 for

Federal income taxes payable in 1922 on 1921 income was undoubtedly correct. Section 1308, R. L. 1915, as amended, provides: "In computing incomes the necessary expenses actually incurred in carrying on any business * * * shall be deducted * * *. And all government taxes * * * *paid within the taxation period* next preceding shall be deducted from the gains, profits or income of * * * the corporation which, has actually paid the same * * *."

It is equally clear that the reserve for taxes made by the taxpayer at the close of the year 1920 and allowed as a deduction in the taxpayer's 1921 tax return was improperly included by the taxpayer in its 1922 tax return as income for the calendar year 1921. Section 1306 as amended provides: "There shall be levied, assessed, collected and paid annually * * * a tax * * * on the net profit or income above actual operating and business expenses derived during each taxation period, from all property owned, and every business * * * carried on in the Territory of Hawaii, of all corporations, doing business for profit in the Territory * * *." The taxation period as referred to in section 1306, R. L. 1915, is defined in section 1305, R. L. 1915, as amended, as "* * * the year immediately preceding the first day of January of each year, in which such tax is payable." By section 1315, R. L. 1915, as amended, income taxes are due and payable on the first day of January of each year.

What was called a "reserve" and entered as such on the books of the taxpayer at the close of the year 1920 was no less a part of the income of the year 1920. There is no magic in bookkeeping. Income by whatever name is none the less income and its status is fixed by the taxation period within which it is derived. That this reserve, after the Federal taxes on 1920 income were paid in 1921 for purposes of reconciliation and adjustment, was included in the gross income of 1921 does not convert it into income

for the latter year. It was still income of 1920 and not income of the year 1921. Its inclusion in "gross income" of 1921 may have become necessary for purposes of reconciliation or adjustment but while perfectly proper for bookkeeping purposes it legally has no place in the computation of the income for the year 1921.

No question is raised by the tax assessor as to the right of the taxpayer in the absence of an extension of time within which so to do to amend its return after January 31, 1922, by deleting from "gross income" this item of 1920 income. Hence this question is not passed upon. Nor are we concerned with the effect of sustaining as we do the appeal of the taxpayer. This is a special proceeding permitted by sections 2381, 2382 as amended, 2383 and 2384, R. L. 1915. The "question in difference" between the parties involves only the 1922 taxes payable by the taxpayer and it is only upon this "question in difference" that our judgment is either required or permitted.

A judgment in conformity with the foregoing opinion will be signed upon presentation.

*Frear, Prosser, Anderson* and *Marx* for plaintiff.

*H. R. Hewitt,* Deputy Attorney General, for defendant.

### CONCURRING OPINION OF PERRY, J.

While concurring in the conclusion that the sum of $150,000 appearing as a deduction, in the return under consideration, as a reserve for taxes payable in 1922 upon income of 1921, is not deductible because it was not actually paid in 1921 and in the conclusion that the sum of $325,000 reported in the return as income is not taxable as income in the year 1922 because it was not in fact income received by the taxpayer during the year 1921 but was income received by it during the year 1920, I prefer to add, specifically, that this does not mean that this item of $325,000 need escape taxation. That sum of $325,000,

Perry, J., concurring.

upon the agreed facts submitted to this court, has not to this day borne any taxes or been assessed for taxation; but it can be assessed now as income received by the taxpayer in the year 1920 and at the rate of taxation provided by law for income of the year 1920,—just as though the assessment had been made, as it should have been, early in 1921 upon this sum as part of the income of the taxpayer for the preceding year. Section 1314, R. L. 1915, being a part of the chapter relating to the income tax, expressly provides that "all the powers, authorities and duties contained in or enacted by" the preceding chapter relating to property tax "for levying, assessing, collecting, receiving and enforcing payments of the tax imposed" with reference to property "and otherwise relating thereto shall be severally and respectively conferred, practiced and exercised for levying, assessing, collecting and receiving and enforcing payment of the tax imposed under the authority of this chapter" (relating to the income tax) "as far as the same shall not be superseded by and shall be consistent with the express provisions of this chapter, as fully and effectually to all intents and purposes as if the same powers and authorities were repeated and re-enacted in the body of this chapter with reference to said tax" (the income tax) "and all and every the regulations of the said chapter," relating to the property tax "except as aforesaid, shall be applied, construed, deemed and taken to refer to the tax imposed under the authority of this chapter in like manner as if the same had been enacted in this chapter." Section 1267, R. L. 1915, provides that "each assessor shall at any time add to his assessment or tax list for the year or years when omitted, any person or property theretofore omitted from assessment and taxation." By analogy and under the express provisions of section 1314 above quoted the assessor is authorized to now add to his assessment list for the year

1920 as income of this taxpayer the sum of $325,000, being income of that year heretofore omitted from assessment and taxation. This item was allowed as a deduction in the return for 1921 upon income of 1920 either because both the assessor and the taxpayer misunderstood the requirements of the law upon the subject or else because both, although having a correct understanding of the law, nevertheless agreed to disregard its requirements and to follow another system of return and assessment. In either event, it is inconceivable to me that the law would, under these circumstances, permit that portion of the taxpayer's income to escape taxation. Nor does it appear from the record that the taxpayer is by its appeal in the present case seeking to escape taxation upon this amount. On the contrary the statement is made in its brief that in the course of the development of the present controversy it has offered to pay to the assessor the taxes upon this sum of $325,000 at the rate required by the law in 1921 with reference to income received during 1920.