## RE TAXES OAHU RAILWAY AND LAND COMPANY.

## No. 1567.

SUBMISSION WITHOUT ACTION.

SUBMITTED JANUARY 29, 1925.                    DECIDED APRIL 4, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

INCOME TAXES—*reassessment.*

> Under the provisions of R. L. 1915, s. 1267, adopted as a part of the income tax law by virtue of the provisions of R. L. 1915, s. 1314, an assessor is authorized to add in 1923 to his 1921 tax list 1920 income omitted in 1921 from assessment and taxation.

SAME—*same—collection.*

> While an assessor is authorized by law to reassess a taxpayer as to its 1921 income tax upon 1920 income and is authorized to collect or enforce the payment of the same under the provisions of R. L. 1915, s. 1305, he is not authorized to collect or enforce the payment of the special income tax so reassessed and payable under the provisions of L. 1915, c. 117 as amended, for the reason that section 6 thereof provides that the Act shall continue in force only to and including December 31, 1921, after which time only such taxes as have been previously assessed by him under the provisions of the Act and remain unpaid shall be subject to collection and enforcement.

OPINION OF THE COURT BY PETERS, C. J.

This case is an outgrowth of the decision of this court in *O. R. & L. Co.* v. *Wilder*, 27 Haw. 336. We there held in connection with the 1922 return of the taxpayer of its 1921 income that only taxes actually paid within the taxation period were deductible as expenses and that a reserve from net income derived during the taxation period for the payment of Federal income taxes payable in the succeeding year was not deductible. The taxpayer in its 1921 return of 1920 income under the same

circumstances as those related in the former case in respect to its 1922 return of 1921 income claimed as one of the deductions allowed by law a reserve of $325,000, the estimated amount that it would be required to pay in Federal income taxes in 1921 on 1920 income. Acting upon the authority of our decision the assessor of the first taxation division in October, 1923, reassessed the taxpayer as to its 1920 income disallowing the reserve as a reduction and adding the amount thereof to the net income of 1920. This assessment subjected the taxpayer to an additional income tax of two per cent. on $325,000 under the provisions of R. L. 1915, s. 1305, and to an additional special income tax of two per cent. under the provisions of L. 1915, c. 117, as amended by L. 1915, c. 202, L. 1917, c. 88, and L. 1919, c. 206. Upon demand by the assessor in February, 1924, the taxpayer paid the additional taxes assessed under protest. By these proceedings it seeks to be reimbursed in the amount thereof.

The taxpayer contends that after the expiration of the taxation period of 1920 income, which it computes as ending May 15, 1921, the assessor was not authorized by law to assess the taxpayer as to its income for the previous year and much less so was he authorized thereafter or in a succeeding year to add to the assessment of the taxpayer in respect to its 1920 income, and assuming that the assessor was so authorized, such assessment could not operate retroactively to make the taxpayer liable to the special income tax created by L. 1915, c. 117 as amended, due to the provision of the sixth section thereof as amended, which provided that the Act should continue in force only to and including December 31, 1921, and that taxes in respect to which the assessor had failed to make an assessment upon or prior to December 31, 1921, were uncollectable. The assessor

on the other hand contends that under the provisions of R. L. 1915, s. 1314, the provisions of R. L. 1915, s. 1267, were made applicable to the income tax law and that he was thereunder authorized at any time to add to his assessment or tax list for the year or years when omitted any income theretofore omitted from assessment and taxation, and that while L. 1915, c. 117, s. 6 as amended, did provide that the Act as amended should continue in force only to and including December 31, 1921, and that only taxes assessed under the provisions of the Act which should remain unpaid at the end of the period should be subject thereafter to collection and enforcement, the word "assessed" as contained in section 6 as amended meant "assessable" and that the reserve disallowed being "assessable" upon or prior to December 31, 1921, it was subject to addition to the assessment or tax list for the year when omitted under the provisions of R. L. 1915, s. 1267.

The assessor undoubtedly had authority under the provisions of R. L. 1915, s. 1267, adopted as a part of the income tax law by virtue of the provisions of R. L. 1915, s. 1314, to add in 1923 to his 1921 assessment or tax list 1920 income theretofore omitted in 1921 from assessment and taxation. It must be borne in mind that the territorial law creating and imposing a tax upon incomes did little more than define what incomes were subject to taxation and prescribe the method of their computation and return for assessment purposes. In 1901, when the law under which the present controversy arose was passed, there existed in connection with the imposition of territorial personal and property taxes full and complete administrative machinery for their assessment and collection which was applicable and appropriate to the assessment of income taxes, and the legislature in its wisdom, in order to obviate duplica-

tion, adopted by reference all the provisions of the then existing laws that referred to the assessment and collection of personal and property taxes and conferred upon the administrative officers charged with the duty of assessing and collecting personal and property taxes the same powers in respect to the assessment and collection of income taxes as theretofore exercised by them in respect to personal and property taxes. In the revision of 1915 all the existing laws pertaining to personal and property taxes were incorporated in chapter 93 and those pertaining to income tax in chapter 94. R. L. 1915, s. 1314, which is a part of L. 1901, c. 20, s. 10, provides: "* * * all the powers, authorities and duties contained in or enacted by said chapter" (c. 93, in respect to personal and property taxes) "for levying, assessing, collecting, receiving and enforcing payments of the tax imposed under the authority of said chapter" (c. 93, in respect to personal and property taxes) "and otherwise relating thereto shall be severally and respectively conferred, practiced and exercised for levying, assessing, collecting and receiving and enforcing payment of the tax imposed under the authority of this chapter" (c. 94, in respect to income taxes) "as far as the same shall not be superseded by, and shall be consistent with the express provisions of this chapter" (c. 94), "as fully and effectually to all intents and purposes as if the same powers and authorities were repeated and reenacted in the body of this chapter" (c. 94) "with reference to said tax" (personal and property tax) "and all and every the regulations of the said chapter" (c. 93), "except as aforesaid, shall be applied, construed, deemed and taken to refer to the tax imposed under the authority of this chapter" (c. 94) "in like manner as if the same had been enacted in this chapter" (c. 94). The income tax law makes no provision for the regular yearly assess-

ment of income taxes. To what extent R. L. 1915, ss. 1207 as amended, 1238, 1260 as amended, 1262, 1284 and 1285, all of which refer to assessments of personal and property·taxes, are consistent with the express provisions of the income tax law and are applicable and appropriate to the administration thereof need not be decided. To the extent at least to which they are not inconsistent with the income tax law and are applicable and appropriate to its administration they are as much a part and parcel of the income tax law as if expressly reenacted therein. They provide the machinery to be followed each year in making assessments of taxes payable in that year and unless inconsistent with any of the provisions of the income tax law must be resorted to for the administration of the latter law. R. L. 1915, s. 1267, is subject to similar consideration. No express provision is contained in the income tax law authorizing the assessor in a subsequent year to add to an assessment of a previous year income omitted therefrom. Section 1267 on the contrary to being inconsistent is perfectly consistent with the administration of the income tax law. All taxes are assessable as of January 1 of each year. (s. 1207 as amended; s. 1238) Each assessor is required to make a full, true and complete assessment of all persons, companies and property in his division liable to taxation in each district and make an alphabetical list of taxes assessed to each. (s. 1262) When any person or corporation having a taxable income refuses or neglects to render a return or list required by law or declines to take oath or affirmation thereto the assessor is required to make such assessments as he may consider just. (s. 1312) In the event the assessor raises an assessment above that stated in the return he is required to advise the taxpayer thereof on or before April 10 in each year. (s. 1268 as amended)

Presumably if the regular course of procedure thus prescribed were followed each year assessors by April 10 of each year will have assessed all income taxable in that year. Despite the provisions of law and the scrupulous compliance therewith by assessors, however, income, similarly as persons or property, may for one reason or another escape taxation. Hence in respect to income taxes, similarly as in the case of personal or property taxes, a provision allowing the assessor after the elapsation of the time allowed each year within which to make assessments for that year to go back and reexamine and if found necessary reassess by adding income omitted is applicable and appropriate to the enforcement of income taxes.

Standing by itself and dissociated from the other laws relative to assessment of personal and property taxes similarly adopted by the provisions of section 1314 it might be said that the reference in the section to "person or property" omitted from assessment and taxation is not sufficiently broad to include "income" omitted from assessment and taxation. But considered in the light of the other sections of chapter 93 relative to assessments incorporated in and made a part of chapter 94 relative to income tax the language is sufficiently broad to include by analogy income omitted in the previous year from assessment and taxation. As said by Mr. Justice Perry in his concurring opinion in the former case: "By analogy and under the express provisions of section 1314 above quoted the assessor is authorized to now add to his assessment list for the year 1920 as income of this taxpayer the sum of $325,000, being income of that year heretofore omitted from assessment and taxation." Nor do the provisions of R. L. 1915, s. 1315 as amended, alter the situation. Without deciding that a return which improperly claims as a deduction income taxable

as such is a "false or fraudulent return or valuation" the section refers to the time of delinquency of the tax and not to the time within which omitted income may be added by the assessor to a previous assessment.

But while the assessor was authorized by law to reassess the taxpayer as to its 1921 income tax upon 1920 income and was authorized to collect or enforce the payment of the income tax payable under R. L. 1915, s. 1305, he was powerless to collect or enforce the payment of the special income tax so reassessed and payable under the provisions of L. 1915, c. 117 as amended, due to the provisions of section 6 of said Act as amended, which provided that the Act should continue in force only to and including December 31, 1921, after which time only such taxes as had been previously assessed by him under the provisions of the Act and remained unpaid should be subject to collection and enforcement. Section 6 provides: "This Act * * * shall continue in force to and including December 31, 1921, provided that all taxes assessed under the provisions of this Act which shall remain unpaid at the end of said period, shall be subject to collection and enforcement in the same manner as though all the provisions of this Act were still in force with respect thereto." It is only in respect to taxes that have been assessed upon or prior to December 31, 1921, that are collectable under the provisions of this section. The assessment made by the assessor in October, 1923, of the special income tax assessable under the provisions of L. 1915, c. 117 as amended, in respect to the income omitted in his 1921 assessment of 1920 income was made subsequent to December 31, 1921. Hence it does not fall within the category of these taxes that are collectable after the express date of termination of the application of the Act. It was clearly the intention of the legislature that only taxes assessed upon or

prior to December 31, 1921, should remain collectable after the expiration of the Act. The language is free from ambiguity and means exactly what it says. Had the legislature intended that the assessor be authorized to reassess after December 31, 1921, it would have been an easy matter to say so. On the contrary, in clear and unambiguous language it expressed a contrary intention and this intention controls.

A judgment consistent with the foregoing opinion will be signed upon presentation.

*Frear, Prosser, Anderson & Marx* for the taxpayer.

*H. R. Hewitt,* First Deputy Attorney General, for the tax assessor.